UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID MARCEL NOEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00022-MTS |
| ) | |
| KEVIN SHOEMAKER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner David Marcel Noel's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241. For the reasons explained below, the Court will deny the Petition and dismiss this case without further proceedings, and deny as moot Petitioner's motion to appoint counsel.

**I. Background**

Petitioner prepared the Petition using a court form provided for seeking habeas relief under 28 U.S.C. § 2254, but he crossed out "2254" and wrote "2241." Doc. [1] at 1. He cites the following four criminal cases that are pending against him in Missouri Circuit Court: *State v. Noel*, No. 21LI-CR00526-01 (9th Jud. Cir. 2021); *State v. Noel*, No. 22LI-CR00329-01 (9th Jud. Cir. 2022); *State v. Noel*, No. 22LI-CR00330-01 (9th Jud. Cir. 2022); and *State v. Noel*, No. 22LI-CR00331-01 (9th Jud. Cir. 2022). Public records in those cases show that Petitioner is charged with drug-related offenses and weapons-related offenses, among others. As of the date of this Order, all four of Petitioner's cases are scheduled for a disposition hearing on September 2, 2025.

On December 11, 2024, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Western District of Missouri. *Noel v. Linn Cnty Cir. Ct.*, No. WD87689 (Mo. Ct. App. W.D. 2024). The following day, the Missouri Court of Appeals denied relief. *See id.* On February 20, 2025, Petitioner filed a petition for writ of prohibition in the Supreme Court of Missouri. *State ex rel David Noel v. 9th Circuit Court*, No. SC100987 (Mo. 2025). Six days later, the Supreme Court denied relief. *See id.* The Court takes judicial notice of the foregoing public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

In the Petition now before this Court, Petitioner identifies the following four grounds for relief: (1) entrapment/false search warrant; (2) improper probable cause/false affidavit; (3) prosecutor filed in bad faith; has criminal record of possession; and (4) charges illegally severed. Doc. [1] at 4-9.

For his first ground for relief, Petitioner states he "was entrapped into charges in violation of the 4th, 5th, 6th, and 14th Amendments; was setup with false search warrant." *Id.* at 4. For his second ground for relief, Petitioner writes: "No illegal substances were found within possession of Petitioner; substances found near co-defendant tested false positive." *Id.* at 6. For his third ground for relief, Petitioner writes: "Prosecutor knew CI/undercover officer entrapped Petitioner; no proper warrant or probable cause." *Id.* at 7. For his fourth ground for relief, Petitioner writes: "substantial prejudice suffered by severance of charges, which were all under one case." *Id.* at 9. Petitioner states he

2

presented his claims to the Missouri Court of Appeals and the Missouri Supreme Court. *See id.* at 5-10. He does not specify the relief he seeks from this Court.

## II. Discussion

Rules Governing Section 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a section 2254 petition if it plainly appears that a petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under section 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his section 2241 petition; therefore, the Court will summarily dismiss it.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions in certain instances. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). The state court must have "an opportunity to consider on the merits [a petitioner's] constitutional claim" before the claim is brought to federal court. *Id.* at 490. This exhaustion requirement "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Id.* (citing *Note, Developments in the Law-*

3

*Federal Habeas Corpus*, 83 Harv. L. Rev. 1038, 1094 (1970)).  Furthermore, this requirement guarantees that petitioners reach state appellate courts, which can correct errors of law and most effectively impose uniformity on trial courts.  *Id.* at 490-91.

As such, a pretrial detainee must exhaust all available state remedies before bringing a section 2241 habeas action, and only when "special circumstances" exist will a federal court find that the detainee exhausted state remedies.  *Id.* at 489-91.  "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).  Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised.  *Braden*, 410 U.S. at 488 (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

In this case, Petitioner cannot show that he has exhausted the remedies available to him in his pending state criminal proceedings.  The grounds Petitioner raises in the Petition can be adequately asserted during his state-court trial proceedings and in subsequent state-court proceedings.  And the grounds Petitioner raises do not amount to the "special circumstances" required for a finding that he has exhausted his available state remedies. Because Petitioner cannot demonstrate exhaustion of his claims and no special circumstances exist, relief under section 2241 is unavailable to him and the Court will summarily dismiss the Petition.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Because the Court will dismiss the Petition, Petitioner's motion seeking appointed counsel is moot and will be denied as such.  Finally, because

4

Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, Doc. [1], is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel, Doc. [5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 21st day of August 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE